IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD  DIVISION

| | | |
|---|---|---|
| Dexter Leon Bowens, #34942, | ) | Civil Action No. 8:07-1363-RBH-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| James M. Dorriety, Jail Administrator | ) | |
| of GCDC; Scotty Bodiford, Jail | ) | |
| Administrator of GCDC; and Richard | ) | |
| Sherman, Jail Medical Administrator, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, a state prisoner, is proceeding in this action *pro se*.  He is seeking relief

pursuant to Title 42, United States Code, Section 1983 and possibly various state-law

claims.  This matter is before the Court on the defendants' motion for summary judgment

[Doc. 16].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial

matters in cases filed under Title 42, United States Code, Section 1983, and submit

findings and recommendations to the District Court.

## LAW AND ANALYSIS

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be

accorded liberal construction.  *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404

U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574

F.2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999).  A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  *See* Fed. R. Civ. P. 56©.  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment

motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The plaintiff claims that the defendants failed to treat him for "four separate arisings like bumps on . . . front and back of [his] left thigh, front right thigh, and right hip area." (Compl. at 3.)  The plaintiff contends that these "arisings" were diagnosed and treated as spider bites when they were, in fact, methicillin-resistent staphyloccus aureau ("MRSA"). *Id.* at 3.  The plaintiff further contends that while he filed medical requests in April, May, and June of 2005, regarding these "arisings," the defendants only responded to his June 27, 2005 request.  (Resp. Opp. Summ. J. at 1-2.)  The defendants have moved for summary judgment on the basis that no genuine issues of fact exist as to the plaintiff's claim for deliberate indifference to his alleged medical needs.

The Eighth and Fourteenth Amendments require the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service.  *Id.*  The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  *Id.* at 105.  Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended.  *Id.* at 104.

Deliberate indifference is a very high standard.  In *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be

intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *See Estelle*, 429 U.S. at 104; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("The affidavits submitted to the District Court reflect that Russell was under constant medical supervision from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review.").

The defendants have produced evidence that the plaintiff was seen, at his request, on June 28, 2005, for what he himself characterized as a bite and rash on his arm. (Krein Aff. ¶ 2, Attach. at 0027.) In his medical request, the plaintiff did not mention any "arisings" in the areas now alleged – thighs and hip. (Krein Aff., Attach. at 0027.) The defendants have further produced evidence that the plaintiff was prescribed two antibiotics (Clindamycin and Duricef), as well as pain medication (Motrin). (Krein Aff. ¶ 2, Attach. at 0016.) At the plaintiff's further request a member of the medical staff met with the plaintiff, the following day. *Id*. at 0027. The notation of that staff member indicates that the request was "resolved." *Id*. The defendants cannot identify any records indicating that the plaintiff sought or received medical treatment in April or May, 2005. The plaintiff has not produced any evidence in support of his contention that such requests were, in fact, made but ignored.

In unrelated incidents involving injuries sustained by the plaintiff during altercations with other inmates, the plaintiff was later twice sent to Greenville Memorial Hospital. *Id*. at 004-006, 0028-0029. According to the medical records, neither trip was related to the previously treated "arisings" or rash on the plaintiff's arm. (Krein Aff. ¶¶ 2(e),(g), Attach. at 007, 0012.) In regards to the second hospital visit, on July 21, 2005, the plaintiff was diagnosed with "a left finger laceration with early infection." *Id*. at 0007. The plaintiff was prescribed an antibiotic (Keflex) and told to keep the finger in a splint until the wound healed. *Id*. at 0007, 0010. None of the hospital records diagnose the plaintiff as having MRSA. Moreover, none of the hospital records indicate any kind of infection related to bumps or rashes on the plaintiff's hip or thigh. Critically, Tracy Krein, a Medical

5

Administrator employed at the Greenville County Detention Center, has sworn that a culture is necessary before a person can be "definitively diagnosed" as having MRSA or a staph infection.  (Krein Aff. ¶ 2(h).)  The hospital records show no evidence that such a culture was ever taken either at GCDC or the hospital.  *See id*.  The only infection identified is the one related to a laceration that the plaintiff received during the altercation.  *Id*. at 0007.

In response to the defendants' proffer, the plaintiff has produced no evidence whatsoever in support of his claim, which is his burden to do.  *See* Fed. R. Civ. P. 56(e). Critically, the plaintiff has not produced any evidence that the "arisings" or bumps on his thigh and hip were MRSA-related or that he otherwise has ever been diagnosed with having MRSA anywhere on his body.  He does allege that he was finally prescribed "proper" antibiotics for MRSA by the hospital at his July 21 visit, but, as stated, the hospital records indicate that the antibiotics were for an infection related to a laceration on his finger and not for any rash or bumps on his thigh or hip.  See *Id*. at 0007, 0010.  The records certainly do not identify the infection as MRSA.

Ultimately, the plaintiff seems to contend that the defendants were unprepared in their protocol to identify and diagnose MRSA in a timely and accurate way.  Of course, to so criticize the defendants, would be to presuppose that they had misdiagnosed a condition from which the plaintiff actually suffers, in the first instance.  As already concluded, the plaintiff has failed to do so.  But even assuming he could prove that he had MRSA, he has not alleged or produced evidence demonstrating what protocol the defendants should have employed; how such protocol would have improved the likelihood

6

that they would have discovered the alleged infection; or any other way the defendants were indifferent to his medical condition such that it went undiscovered.

The plaintiff argues that the reason there is no record of his medical requests in April and May is because the defendants ignored them. Of course, the plaintiff has no corroborating evidence to support such accusations. But even if he did, there is no evidence that the delay in treatment exacerbated the alleged ailment or rendered it untreatable or undiagnosable. In fact, all of the evidence suggests that the defendants' treatment on June 28-29, 2005 was effective. The plaintiff never again complained to the defendants concerning his "arisings." (Krein Aff. ¶ 2(I).)

But even if the plaintiff has MRSA, the plaintiff has not alleged or created issues of fact regarding any behavior of the defendants that would rise to the level of deliberate indifference. To the Court, the defendants appeared responsive at every opportunity. As stated the plaintiff is not entitled to the treatment of his choice. *Jackson*, 846 F.2d at 817. And, importantly, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier,* 896 F.2d at 851. Mere negligence or malpractice is not enough. *Id*.

The plaintiff has failed to create any genuine issue as to whether he had MRSA. Even to the extent he could, he has failed to create any genuine issue as to whether the defendants were deliberately indifferent to such condition.

## B. State Law Claims

Having dismissed the plaintiff's federal claim, the Court declines to exercise jurisdiction over the whatever state law claims the plaintiff may have against either of the

defendants.  *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.")  Thus, the state law claims, if any, are dismissed without prejudice for refiling in state court.

## <u>CONCLUSION</u>

Wherefore, it is RECOMMENDED that the defendants' Motion for Summary Judgment [Doc. 16] should be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 20, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).